[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-10777
Non-Argument Calendar

_____

D.C. Docket No. 0:12-cv-60719-KAM

KAREN LESNICK-OAKES,

Plaintiff-Appellant,

versus

AMERICAN AIRLINES, INC.,
a subsidiary of AMR Corporation
other
American Airlines Pension Benefits Administration Committee,
AMERICAN AIRLINES PENSION BENEFITS ADMINISTRATION
COMMITTEE,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 24, 2015)

Before MARCUS, ROSENBAUM and JULIE CARNES, Circuit Judges.

PER CURIAM:

Karen Lesnick-Oakes, proceeding pro se, appeals the district court's grant of summary judgment in favor of her employer, American Airlines, Inc. ("American") and American Airlines Pension Benefits Administration Committee ("PBAC") on her civil complaint, filed pursuant to the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132. Her complaint sought a refund of insurance premiums from American's Group Life and Health Benefits Plan (the "Plan") for medical coverage of her daughter on the ground that the coverage was erroneously reinstated upon Lesnick-Oakes's return to work from a leave of absence. On appeal, she argues that the district court erred in: (1) limiting its review to the administrative record; and (2) granting summary judgment because the PBAC's decision was wrong. After careful review, we affirm.

We review a district court's ruling affirming a plan administrator's ERISA benefits decision de novo, applying the same legal standards as the district court. Blankenship v. Metro. Life Ins. Co., 644 F.3d 1350, 1354 (11th Cir. 2011).

First, we find no merit to her claim that the district court erred in limiting its review to the administrative record. As we've held, "[r]eview of [a] plan administrator's denial of benefits is limited to consideration of the material available to the administrator at the time it made its decision." Id. Accordingly, the district court did not err in limiting its review to the administrative record.

2

We are also unpersuaded by Lesnick-Oakes's claim that the district court erred in granting summary judgment.  Although ERISA does not provide any standards for reviewing a plan administrator's determination, we have developed the following six-part test:

> (1)  Apply the <u>de novo</u> standard to determine whether the claim administrator's benefits-denial decision is "wrong" (i.e. the court disagrees with the administrator's decision); if it is not, then end the inquiry and affirm the decision.
>
> (2)  If the administrator's decision in fact is "<u>de novo</u> wrong," then determine whether he was vested with discretion in reviewing claims; if not, end judicial inquiry and reverse the decision.
>
> (3)  If the administrator's decision is "<u>de novo</u> wrong," and he was vested with discretion in reviewing claims, then determine whether "reasonable" grounds supported it (hence, review his decision under the more deferential arbitrary and capricious standard).
>
> (4)  If no reasonable grounds exist, then end the inquiry and reverse the administrator's decision; if reasonable grounds do exist, then determine if he operated under a conflict of interest.
>
> (5)  If there is no conflict, then end the inquiry and affirm the decision.
>
> (6)  If there is a conflict, the conflict should merely be a factor for the court to take into account when determining whether an administrator's decision was arbitrary and capricious.

<u>Id</u>. at 1355.

Our inquiry in this case ends after application of the first prong of the test -- based on the record available to the PBAC, its decision that Lesnick-Oakes was not entitled to a refund was not "<u>de novo</u> wrong."  As the PBAC explained, the Plan

3

guidelines required Lesnick-Oakes to file a life event requesting that her daughter's medical coverage be waived within 60 days of Lesnick-Oakes's return to work. Because she failed to make this request when she returned to work in 2010, the benefits she had in place prior to her 2006 leave-of-absence, which included medical coverage for herself and her daughter, were automatically reinstated. Moreover, the guidelines provide that benefit elections made during a leave-of-absence only apply for the duration of the leave-of-absence. Thus, although Lesnick-Oates waived medical coverage in February 2011, that waiver only applied to the duration of her January 2011 leave-of-absence; when she returned to work in March 2011, the benefits that she had in place prior to her January 2011 leave-of-absence were automatically reinstated. Finally, her argument that her daughter's coverage must have been a mistake because her son's coverage was a mistake is without merit. Unlike her son, her daughter was a covered dependent in 2006, and therefore, was properly re-enrolled in benefits.

In short, the PBAC's decision was based on the explicit terms of the plan guidelines and was not de novo wrong. Accordingly, the district court did not err by granting summary judgment to American Airlines and PBAC.

**AFFIRMED**.

4